UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

LING LI,

　　　　　　*Plaintiff-Appellant,*

v.

MITRE CORPORATION; JOHN DOE, #1;
JOHN DOE, #2; JANE DOE, #1; JANE
DOE, #2,

　　　　　　*Defendants-Appellees,*

　　　　　　and

MICHAEL LAYNE,

　　　　　　*Defendant.*

No. 02-1401

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonard D. Wexler, Senior District Judge, sitting by designation.
(CA-01-663-A)

Submitted: March 27, 2003

Decided: April 16, 2003

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Daniel S. Orci, Jr., Washington, D.C., for Appellant. Robert J. Smith,
Gregory S. Lewis, MORGAN, LEWIS & BOCKIUS, L.L.P.,

McLean, Virginia; Douglas J. Free, MORGAN, LEWIS & BOCK-IUS, L.L.P., Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Ling Li appeals the district court's final judgment in favor of Appellee in this action brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2002). On appeal Li contends: (1) the district court abused its discretion when it denied her motion to strike a juror for cause; and (2) the district court improperly instructed the jury on her retaliation claim. We have reviewed the record and find no reversible error.

Li's first argument on appeal is that the district court erred by refusing to strike for cause a juror who acknowledged during voir dire that she worked for a company that had a business relationship with the defendant. The juror stated that her ability to be impartial "might" be affected. Li argues that this response indicated impermissible bias. We disagree. A trial court is accorded great discretion in determining the credibility of potential jurors during voir dire and deciding whether to exclude potential jurors. *See Poynter v. Ratcliff*, 874 F.2d 219, 221-22 (4th Cir. 1989); *Person v. Miller*, 854 F.2d 656, 665 (4th Cir. 1988). The ultimate issue in deciding a challenge for cause is whether the juror "could be fair and impartial and decide the case on the facts and law presented." *United States v. Capers*, 61 F.3d 1100, 1105 (4th Cir. 1995). A determination of impermissible bias is "essentially one of credibility, and therefore largely one of demeanor," and thus, a trial court's evaluation of a juror is entitled to "special deference." *Patton v. Yount*, 467 U.S. 1025, 1038 (1984).

In this case, the district court made the determination that the juror in question could be fair and impartial. The juror, in fact, stated that

she would try to be fair, and that her relationship with MITRE would only affect her impartiality if she knew someone that was involved in the case. There is no evidence in the record demonstrating that the juror in fact knew anyone involved in the case, or that her relationship with MITRE consisted of more than occasional contact with one of its employees. Due to the highly deferential standard accorded to the district court in determining the impartiality of potential jurors, *see Patton v. Yount*, 467 U.S. at 1038, and the lack of evidence in the record of any actual bias by the juror in favor of MITRE, the district court did not abuse its discretion in denying Li's motion to strike the juror for cause.

Li's second claim on appeal is that the district court erred by instructing the jury that, as a matter of law, MITRE's decision to place Li on probation was not causally related to any statutorily protected activity by Li. The district court's decision to give a requested jury instruction and the content of that instruction are reviewed for abuse of discretion. *United States v. Russell*, 971 F.2d 1098, 1107 (4th Cir. 1992). Here, Li cannot show the district court abused its discretion in giving the contested jury instruction because it is undisputed that she was placed on probation before she engaged in the protected activity of filing a discrimination and harassment complaint. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*